UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYL BISHOP,

           Plaintiff,

  v.

WILLIAM BARR, United States
Attorney General,[1]

           Defendant.

C18-599 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to compel and for discovery sanctions, docket no. 26, is GRANTED in part, and DENIED in part, as follows:

    (a) Defendant is DIRECTED to produce, within fourteen (14) days of the date of this Minute Order, any Standard Form 50 ("SF50") or "Notification of Personnel Action" issued with respect to Michael Hodnett serving in a supervisory capacity for more than 30 days between January 1, 2013, and December 31, 2017; defendant shall redact from such SF50s, in the manner described in Local Civil Rule 5.2(a), all personal data identifiers, including social security numbers.

    (b) The Court is satisfied that defendant timely instituted and adequately maintained a litigation hold, made reasonable inquiry about the existence of relevant text messages, and complied with discovery obligations in reporting that no text messages concerning plaintiff had been found. Nevertheless, for the sake of completeness, the Court DIRECTS defendant to disclose, within twenty-one

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Barr is SUBSTITUTED for former United States Attorney General Jeff Sessions.

MINUTE ORDER - 1

(21) days of the date of this Minute Order, whether any text messages regarding plaintiff were inadvertently lost, intentionally deleted, or otherwise destroyed by, or from the government-issued smartphones of, any of the following individuals: Douglas Dawson, Bradford Devlin, Michael Gleysteen, and Celinez Nunez.

(c) Plaintiff's request to sanction defendant for alleged spoliation of text messages is DENIED without prejudice.[2] Plaintiff has so far made no showing that any text messages were lost or destroyed. Plaintiff identifies two chains of text messages between her and Celinez Nunez that were not produced by defendant in discovery, apparently because Ms. Nunez has repeatedly dropped her smartphones and lost the data on them, *see* Nunez Dep. at 192:3-12, Ex. H to Morehead Decl. (docket no. 30-8), but those text messages have been preserved (presumably by plaintiff) and were submitted to the Court as an exhibit to plaintiff's counsel's declaration, *see* Ex. 2 to Wing Decl. (docket no. 27-1 at 21-24). Thus, plaintiff has failed to establish that she has suffered any prejudice from defendant's inability to procure text messages from Ms. Nunez's previous, now inoperative, smartphones, and, on this record, sanctions are not warranted. *See Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989-95 (N.D. Cal. 2012).

(d) Plaintiff's request to further depose Gregory Carroll is DENIED.

(e) Except as specifically granted, plaintiff's motion to compel and for discovery sanctions is DENIED. The Court DECLINES to award attorney's fees or costs to either party.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of August, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[2] Although defendant aptly observes that plaintiff has known about the lack of production of text messages since at least September 25, 2017, when she filed a motion to compel with the Equal Employment Opportunity Commission, *see* Ex. A to Morehead Decl. (docket no. 30-1), the Court does not view plaintiff's motion for spoliation remedies as untimely. Because such motion seeks an adverse inference jury instruction, it was not required to be filed before the deadline for discovery motions.

MINUTE ORDER - 2